UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE LOCAL 7 TILE INDUSTRY WELFARE FUND, THE LOCAL 7 TILE INDUSTRY ANNUITY FUND, and THE TILE LAYERS LOCAL UNION 52 PENSION FUND, TRUSTEES OF THE MARBLE INDUSTRY PENSION FUND, THE MARBLE INDUSTRY ANNUITY FUND, TRUSTEES OF THE MARBLE INDUSTRY TRUST FUND, and TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE, and TRUSTEES OF THE MOSAIC AND TERRAZZO WELFARE, PENSION, ANNUITY, AND VACATION FUNDS,<br><br>                                                  Plaintiffs,<br><br>                       -against-<br><br>WILKSTONE, LLC, WILKSTONE RESTORATION, LLC, and CAPABILITY MARBLE & GRANITE CO. INC.,<br><br>                                                  Defendants. | 18-CV-<br><br>**COMPLAINT**<br><br><br><br><br><br>**Jury Trial Demanded** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant to sections 502 and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and other applicable law, to collect delinquent employer contributions to a group of employee benefit plans, and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and pursuant to 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Local 7 Tile Industry Annuity Fund, and Tile Layers Local Union 52 Pension Fund (collectively, the "Tile Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Tile Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Tile Funds maintain their principal place of business at 45-34 Court Square, Long Island City, New York 11101.

5. Plaintiffs Trustees of the Bricklayers & Trowel Trades International Pension Fund and International Masonry Institute (the "International Benefit Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The International Benefit Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The International Benefit Funds maintain their principal place of business at 620 F Street, N.W., Washington, D.C. 20004.

6. Plaintiffs Trustees of the Marble Industry Pension Fund, Marble Industry Annuity Fund, and Marble Industry Trust Fund (collectively, the "Marble Funds") are employer and

employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Marble Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Marble Funds maintain their principal place of business at 45-34 Court Square, Long Island City, New York 11101.

7. Plaintiffs Trustees of the Mosaic and Terrazzo Welfare, Pension, Annuity, and Vacation Funds (the "Terrazzo Funds" together, with the Tile Funds, the International Benefit Funds, and the Marble Funds, as the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with section 302(c) of the LMRA 29 U.S.C. § 186(c). The Terrazzo Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 45-34 Court Square, Long Island City, New York 11101.

8. Defendant Wilkstone, LLC ("Wilkstone I") is a corporation organized under the laws of the State of New Jersey and authorized to do business in the state of New York. At relevant times, Wilkstone I was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.

9. Defendant Wilkstone Restoration, LLC ("Wilkstone II") is a corporation organized under the laws of the State of New Jersey and authorized to do business in the state of New York. At relevant times, Wilkstone II was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.

10. Defendant Capability Marble & Granite Co. Inc. ("Capability") is a corporation

organized under the laws of the State of New Jersey and authorized to do business in the state of New York. At relevant times, Capability was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.

## BACKGROUND

**The Collective Bargaining Agreements**

11. The Tile Setters and Tile Finishers Union of New York and New Jersey, Local Union No. 7 of the International Union of Bricklayers and Allied Craftworkers (the "Tile Union") is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the Taft-Hartley Act, 29 U.S.C. § 142.

12. The Marble Carvers, Cutters, and Setters Union, Local Union No. 7 of the International Union of Bricklayers and Allied Craftsman (the "Marble Carvers Union") is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the Taft-Hartley Act, 29 U.S.C. § 142.

13. The Marble Polishers and Restoration Finishers, Local No. 7 of the International Union of Bricklayers and Allied Craftsmen (the "Marble Polishers Union") is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the Taft-Hartley Act, 29 U.S.C. § 142.

14. The Mosaic, Terrazzo, and Chemical Product Decorative Finishers Masons Workers Association Local No. 7 of New York, New Jersey & Vicinity of the International Union

of Bricklayers and Allied Craftworkers (the "Terrazzo Union", together with the Tile Union, the Marble Carvers Union, and the Marble Polishers Union, as the "Unions") is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the Taft-Hartley Act, 29 U.S.C. § 142.

15. At all times relevant hereto, Wilkstone I was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Tile CBA") with the Tile Union.

16. At all times relevant hereto, Wilkstone I was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Terrazzo CBA") with the Terrazzo Union.

17. At all times relevant hereto, Wilkstone I was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Marble Carvers CBA") with the Marble Carvers Union.

18. At all times relevant hereto, Wilkstone II was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Marble Polishers CBA") with the Marble Polishers Union.

19. The Tile CBA, the Terrazzo CBA, and the Marble Carvers CBA required Wilkstone I to remit contributions to the Funds in connection with all work performed in the trade and geographic jurisdiction of the respective Unions ("Covered Work").

20. The Marble Polishers CBA (collectively, with the Tile CBA, the Terrazzo CBA, and the Marble Carvers CBA, as the "CBAs") required Wilkstone II to remit contributions to the Marble Funds in connection with all work performed in the trade and geographic jurisdiction of the Marble Polishers Union.

21. The CBAs also required Wilkstone I and/or Wilkstone II to make their books and

records available to the respective Funds in order to verify the hours of Covered Work performed by their respective employees.

**Alter Ego and Single Employer Allegations**

22. At relevant times, Defendants are and were alter egos of and single employers with (collectively, "alter egos") each other and had substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership, and a centralized control of labor relations.

23. Defendants share common ownership, management, and supervision. Upon information and belief: David A. Wilkinson is the effective owner and operator or all three Defendants.

24. Upon information and belief, Sheila Walsh Romeo and Michael Guerrieri are officers of both Wilkstone I and Capability.

25. Upon information and belief, David Wilkstone and Capability's nominal owner, Klaudia Tamasko Reyes, share a familial relationship.

26. Upon information and belief, Defendants share common employees, and Wilkstone I and II used Capability to hide their hours to the Funds by having Capability issue payroll checks to Wilkstone I and II employees to compensate them for work they performed for Wilkstone I and II.

27. Wilkstone I and Wilkstone II share an office located at 128 19th Avenue, Paterson, New Jersey.

28. All three Defendants share an office located at 861 E. 26th Street, Paterson, New Jersey.

29. Wilkstone I and Wilkstone II share a common telephone number: 973-684-5100.

30. Wilkstone I and Wilkstone II share a common fax number: 973-684-4907.

31. Wilkstone I and Wilkstone II shared common workers' compensation insurance policies.

32. Upon information and belief, all three Defendants share common equipment.

33. Upon information and belief, during the period January 2016 through December 2017, Wilkstone I transferred nearly $3,000,000 to Capability in connection with Wilkstone I's efforts to hide hours from the Funds.

34. Upon information and belief, Defendants failed to follow ordinary corporate formalities or keep separate records, and there was never an arm's length relationship between or among the Defendants.

35. Upon information and belief, Defendants shared a common business purpose, and all Defendants performed Covered Work within the scope and jurisdiction of Wilkstone I and Wilkstone II's CBAs.

36. Capability failed to remit contributions to the Funds in connection the work it performed within the scope and jurisdiction of Wilkstone I and Wilkstone II's CBAs.

### THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
(Alter Ego Liability/Liability for Delinquent Contributions/Violation of the CBA)

37. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

39. Section 301 of the LMRA authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

40. At all relevant times Wilkstone I and II were parties to, or otherwise manifested an intent to be bound by, the CBAs.

41. At relevant times, Defendants were alter egos and had substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.

42. By virtue of their status as alter egos\, Defendants are and at all relevant times have been bound by the CBAs and are jointly and severally liable for each other's unpaid contributions to the Funds.

43. Defendants failed to remit any contributions with respect to the Covered Work performed by Capability.

44. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBAs, and the documents and instruments governing the Funds, the Funds are entitled to an order directing Capability to: (1) submit to an audit by the Funds of its books and records covering the period May 1, 2009 to the present; and (2) pay all delinquent contributions and other associated liquidated damages, interest, fees, and costs revealed by such an audit or otherwise found to be due and owing to the Funds, in connection with work performed by Capability, during the course of this litigation. Additionally, the Funds are entitled to an order finding that all Defendants, including Wilkstone I and Wilkstone II, are jointly and severally liable for any amounts found to be due and owing by Capability.

### THE FUNDS' SECOND CLAIM FOR RELIEF AGAINST CAPABILITY
(**Injunctive Relief Regarding Alter Ego Status**)

45. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E), provides that, in actions to collect delinquent contributions, the Funds may be awarded "such other legal or equitable relief as the court deems appropriate."

47. Section 301 of the LMRA, 29 U.S.C. § 185 provides for the issuance of an injunction to enforce a collective bargaining agreement.

48. Capability is an alter ego of Wilkstone I and WIlkstone II and is therefore bound to their CBAs.

49. This means, among other things, that Capability is required to follow the terms of Wilkstone I's and Wilkstone II's CBAs, including the provision that they remit contributions to the Funds, submit to audits by the Funds, and to provide remittance reports to the Funds detailing the hours of Covered Work performed.

50. Accordingly, the Funds seek an order finding that Capability is bound to the CBAs for the same period of time and to the same extent as Wilkstone I and Wilkstone II.

51. Absent such injunctive relief, the Funds would be irreparably injured insofar as they would have no viable way of determining whether Capability performed Covered Work for which contributions are required and would be forced to file successive alter ego lawsuits every time they wished to have Capability comply with even the most back requirements of the CBAs.

## **DEMAND FOR JURY TRIAL**

52. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Funds demand trial by jury in this action of all issues so triable.

**WHEREFORE,** the Funds respectfully request that this Court:

(1) On the Funds' First Claim for Relief, issue an order Capability to: (1) submit to an audit by the Funds of its books and records covering the period May 1, 2009 to the

present; and (2) pay all delinquent contributions and other associated liquidated damages, interest, fees, and costs revealed by such an audit or otherwise found to be due and owing to the Funds, in connection with work performed by Capability, during the course of this litigation. Additionally, the Funds request that the Court issue an order that all Defendants, including Wilkstone I and Wilkstone II, are jointly and severally liable for any amounts found to be due and owing by Capability;

(2) On Plaintiffs' Second Claim for Relief, issue an order finding that Capability is bound to the CBAs for the same period of time and to the same extent as Wilkstone I and Wilkstone II; and

(3) Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 27, 2018

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:     /s/
Todd Dickerson, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
Tdickerson@vandallp.com
*Attorneys for Plaintiffs*